UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

           v.                                                   ORDER
                                                         05-CR-109A

TODD COOPER,

                     Defendant.

---

       This case was referred to Magistrate Judge Hugh B. Scott, pursuant to 28 U.S.C. § 636(b)(1)(A). Defendant made a pretrial motion to suppress evidence and statements. On December 12, 2005, Magistrate Judge Scott filed a Report and Recommendation, recommending that defendant's motion to suppress statements be granted and that his motion to suppress evidence be denied.

       Defendant filed objections to the Report and Recommendation on January 23, 2006 and the government filed a response thereto. Oral argument on the objections was held on March 9, 2006.

       Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a de novo determination of those portions of the Report and Recommendation to which objections have been made. Upon a de novo review of the Report and Recommendation, and after reviewing the submissions and hearing argument

from the parties, the Court adopts the proposed findings of the Report and Recommendation.

The Court notes that defendant's objections to the Report and Recommendation appear to be based, at least in part, on the assumption that he was "stopped" within the meaning of the Fourth Amendment and Terry v. Ohio, 392 U.S. 1, 30 (1968) at the time Officer Horan exited the police vehicle and asked him to stop.  This assumption is incorrect, however.  The United States Supreme Court has held that a person is not "seized" within the meaning of the Fourth Amendment when asked by a police officer to stop, unless that person complies with the officer's request.  California v. Hodari D., 499 U.S. 621, 626 (1991).  A "seizure" requires "*either* physical force . . . or, where that is absent, *submission* to the assertion of authority."  Id. (emphasis in original).  Here, the defendant did not comply with the officer's request to stop, but instead immediately engaged in evasive behavior.  Thus, the defendant was not stopped under Terry until Officer Horan grabbed him by the shoulder as he (the defendant) was placing the weapon into the mail box.

The Court finds that Magistrate Judge Scott correctly concluded that Officer Horan's "stop" of the defendant was justified by "reasonable suspicion supported by articulable facts that criminal activity 'may be afoot.' " United States v. Sokolow, 490 U.S. 1, 7 (quoting Terry, 392 U.S. at 30).  Despite the issue involving the description of the defendant's coat, the defendant generally fit the

police dispatch of a person involved in aggressive panhandling, near in time and geographic location to the reported incident.  Thus, there was reasonable suspicion to stop him.  See United States v. Lenoir, 318 F.3d 725, 729 (7th Cir.) ("police observation of an individual, fitting a police dispatch description of a person involved in a disturbance, near in time and geographic location to the disturbance establishes a reasonable suspicion that the individual is the subject of the dispatch"), cert. denied, 540 U.S. 841 (2003); United States v. Juvenile TK, 134 F.3d 899, 904 (8th Cir. 1998) (affirming reasonable suspicion determination when police spotted defendant's car, which matched police dispatch description, no more than two blocks away from the scene of the robbery and within five minutes of a second police dispatch concerning the robbery).  In addition, defendant's evasive behavior after being asked to stop establishes reasonable suspicion to justify a Terry-stop.  Illinois v. Wardlow, 528 U.S. 119, 124 (2000) ("nervous, evasive behavior is a pertinent factor in determining reasonable suspicion"); United States v. Quinn, 83 F.3d 917, 921-22 (7th Cir. 1996).

   The defendant argues in his objections that Magistrate Judge Scott erred in considering defendant's evasive behavior when determining whether there was reasonable suspicion to justify the stop, because Officer Horan testified that he stopped the defendant based on him fitting the description of the panhandler.  This argument is without merit.  The Supreme Court has made clear that an officer's subjective intentions have no impact on analyzing reasonable

suspicion or probable cause because they are both considered to be based on an objective test. "[T]he fact that the officer does not have the state of mind which is hypothecated by the reasons which provide the legal justification for the officer's action does not invalidate the action taken as long as the circumstances, viewed objectively, justify that action." Scott v. United States, 436 U.S. 128, 138 (1978); see also Devenpeck v. Alford, 543 U.S. 146, 153 (2004) ("Our cases make clear that an arresting officer's state of mind . . . is irrelevant to the existence of probable cause. [H]is subjective reason for making the arrest need not be the criminal offense as to which the known facts provide probable cause." (internal citation omitted)); Whren v. United States, 517 U.S. 806, 813 (1996) ("We think [our] cases foreclose any argument that the constitutional reasonableness of traffic stops depends on the actual motivations of the individual officers involved.").

Accordingly, for the reasons set forth herein and in Magistrate Judge Scott's Report and Recommendation, defendant's motion to suppress evidence is denied and his motion to suppress statements is granted.[1]

Counsel are ordered to appear on April 11, 2006 at 9:00 a.m. for a meeting to set a trial date.

---

[1] The government did not object to Magistrate Judge Scott's recommendation that defendant's motion to suppress statements be granted.

IT IS SO ORDERED.

/s/ Richard J. Arcara
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED: April  9 , 2006