UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                                              DECISION AND ORDER
        v.                                                 05-CR-109A

TODD COOPER,

                Defendant.
_____

        Currently before the Court is defendant Todd Cooper's motion to withdraw his plea of guilty, which he entered before this Court on May 10, 2006. The government opposes the motion.

        Rule 11 of the Federal Rules of Criminal Procedure provides that a defendant be permitted to withdraw his plea of guilty before sentencing if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). However, such a withdrawal is not to be lightly given and the defendant bears a significant burden establishing the fair and just standard. See United States v. Maher, 108 F.3d 1513, 1529, (2d Cir. 1997). "The fact that a defendant has a change of heart prompted by his reevaluation of either the government's case against him or the penalty that might be imposed is not a sufficient reason to permit withdrawal of a plea." Id. (internal quotations and citations omitted).

        Here, defendant contends that he should be entitled to withdraw his guilty plea because he believed, based allegedly on his counsel's advice, that the Court would run his federal sentence concurrent to any sentence he receives for violating his

New York State parole.  At a June 26, 2006 status conference, defendant's counsel John Humann, Esq., advised the Court that he counseled the defendant that the Court would determine at sentencing whether or not to run his sentence concurrent to any state sentence for violating his state parole.  Such advice is consistent with United States Sentencing Guideline § 5G1.3, which provides that a court may impose a federal sentence "concurrently, partially concurrently, or consecutively" to an undischarged term of imprisonment resulting from a state parole violation.

The Court has reviewed the transcript of defendant's plea proceeding and finds that the plea was knowing and voluntary.  As part of his plea agreement, the defendant acknowledged that he knew he could not withdraw his plea of guilty based on the sentence imposed by the Court.

It appears that the defendant either has had a change of heart, or is trying to exact some further concession from the government prior to being sentenced. However, neither of these reasons constitute a "fair and just reason" that would allow defendant to withdraw his guilty plea.

Accordingly, for the reasons stated, defendant's motion to withdraw his plea of guilty is denied.  Counsel for the parties shall appear on September 15, 2006 at 12:30 p.m., for a status conference.

IT IS SO ORDERED.

    /s/ *Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED: September 12 , 2006